## Vieira v. Rennie

*Christopher T. Powell,* for plaintiff.
*Joseph Quinn,* for defendant.

WALSH, *J.,* December 28, 1979—This matter is before the court by way of petition to mold a $62,500 verdict in favor of plaintiff. Petitions were filed by plaintiff and defendant as to how the verdict should be molded. Plaintiff, the administrator of minor decedent's estate sued defendant, the operator of an auto which struck and killed the pedestrian minor decedent. The action was brought as a wrongful death action and also as a survival action. This action is also controlled by the comparative negligence law, 42 Pa.C.S.A. §7102. The jury was given eight special interrogatories. They answered the first four questions, "Yes," stating they found both plaintiff and defendant negligent and that the negligence of each was a substantial factor in bringing about plaintiff's harm. In Question No. 5 they found each 50 percent negligent. In answer to Question No. 6 the jury awarded nothing for wrongful death and in answer to Question No. 7 they also awarded nothing for pain and suffering. In answer to Question No. 8, the jury awarded plaintiff $62,500 as damages in the survival action.

Defendant argues that the verdict should be

molded by first deducting 50 percent under the comparative negligence law, and then deducting $15,000 under the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq., leaving a verdict in favor of plaintiff in the amount of $16,250.

Plaintiff argues initially there should be no deduction of $15,000 at all under the No-fault Act. Plaintiff also argues that if any no-fault deduction is made it should be held in escrow. Plaintiff lastly argues that in molding the verdict, the no-fault deduction should be deducted first from the total verdict and then the 50 percent comparative negligence deduction, which would leave a final verdict in favor of plaintiff in the amount of $23,750.

This court finds, after considering the cases under the No-fault Motor Vehicle Insurance Act and the comparative negligence law, that the verdict should be molded by first reducing the verdict of $62,500 by $15,000 as required under the No-fault Insurance Act and then further reducing the verdict by 50 percent as required by the comparative negligence law. This would give plaintiff a molded verdict in the amount of $23,750.

The rationale of both Zagari v. Gralka, 264 Pa. Superior Ct. 239, 399 A. 2d 755 (1979), and Heffner v. Allstate Insurance Co., 265 Pa. Superior Ct. 181, 401 A. 2d 1160 (1979), is that the No-fault Act partially abolishes tort liability. As stated in Heffner, supra, at page 189:

"One of the purposes of the No-Fault Motor Vehicle Insurance Act, if not its raison d'etre, is the partial abolition of the tort system, and its concomitant negligence standards, for determining compensation due to individuals injured in motor vehicle accidents on the highways of this Com-

monwealth. Of course, the system devised by the Act is supposed to be low-cost, comprehensive and fair. In order to provide a plan that was both low-cost and comprehensive, however, it was necessary to retain the tort system to compensate persons who were very seriously injured or killed. Thus, Section 301 of the Act formally abolishes tort liability for accidents falling within the purview of the Act, except for those circumstances which are specifically delineated in Section 301."

In other words, section 301(a) of the No-fault Insurance Act abolishes tort action for economic detriment, other than when the economic loss figure exceeded the limits of section 202(a), (b), (c), and (d), which were: the first $1,500 for the funeral bill, the first $15,000 of work loss, replacement loss services over and above $25 a day for an aggregate period of one year, and the first $5,000 in survivor's loss.

According to the rationale of Zagari v. Gralka, supra, the No-fault Insurance Act eliminates work loss damage action in amounts under $15,000 in an action against a third party. These damages cannot be pleaded or proved because such an action no longer exists. It is apparent then that before deducting that portion of the total damages that are attributable to the negligence of plaintiff, this work loss portion of the award would have to be deducted first.

In a case cited by defendant, a York County case, Bortner v. Galdfelter, No. 77S.3001, that is exactly how the verdict was molded. The jury awarded $3,283.70 in a wrongful death action for burial expenses. The court first deducted the $1,500 payable under the No-fault Insurance Act and then deducted the 50 percent negligence the jury attrib-

uted to plaintiff's negligence in the case as required under the comparative negligence law.

If the verdict were molded as requested by defendant, the court would be deducting 50 percent of the $15,000 work loss that plaintiff is not entitled to recover under the rationale of the cases interpreting the No-fault Inusrance Act.

There is also no need to escrow this $15,000 work loss benefit, because again under the rationale of the No-fault Insurance Act, this portion of the damages under tort liability as to third parties is abolished and can only be recovered by plaintiff against the insurance carrier.

## ORDER

Now, December 28, 1979, defendant's rule to show cause is discharged and plaintiff's rule to show cause is made absolute and the verdict is molded to read as a verdict in favor of plaintiff, Leon Vieira, administrator of the estate of Frank Vieira, deceased, and against defendant, Evelyn Brown Rennie, in the amount of $23,750.