# Martinez v. Uckele

C.P. of Monroe County, No. 4252 CIVIL 2011

*Jennifer R. Sletvold* and *Gary Brienza*, for plaintiff.
*James A. Swetz* and *Christa A. Solfanelli*, for defendants.

WILLIAMSON, *J.*, December 9, 2013—This matter comes before us on a motion for partial summary judgment filed by Jacqueline Martinez (hereafter "plaintiff") on June 24, 2013. On July 29, 2013, Bernard J. Uckele and Concetta Uckele (hereafter "defendants") filed a response to plaintiff's motion for partial summary judgment. In the motion, plaintiff argues that partial summary judgment with respect to liability against defendants should be granted because it has already been judicially determined, by virtue of defendant Bernard J. Uckele's September 2010 criminal conviction for involuntary manslaughter, that he acted negligently and caused the death of Justin B. Uckele (hereafter "decedent"). Plaintiff contends the criminal conviction of defendant Bernard J. Uckele for involuntary manslaughter conclusively establishes his liability in the instant matter. Further, plaintiff argues that defendant Bernard J. Uckele has already been found guilty of doing "an unlawful act in a reckless or grossly negligent manner," or "a lawful act in a reckless or grossly negligent manner,"[1] Therefore, plaintiff argues, defendants are collaterally estopped from re-litigating the issue of liability.

Plaintiff, as administratrix of the Estate of Justin B. Uckele, and as mother and legal guardian of Justin B. Uckele Jr., a minor, initiated this action by filing a complaint on May 9, 2011. Plaintiff's complaint alleges that the decedent died as a result of the unlawful actions of

---

1. 18 Pa. C.S.A. § 2504(a).

defendants. Specifically, plaintiff's complaint alleges that decedent died on June 21, 2009 after being fatally shot by his father, defendant Bernard J. Uckele.[2] Plaintiff also alleges that she and the decedent had plans to marry, and at the time of decedent's death, plaintiff was pregnant with Justin B. Uckele, Jr. Plaintiff alleges the decedent was the father of Justin B. Uckele, Jr. Plaintiff alleges causes of action for wrongful death and survival against defendants.

Defendants filed an answer and new matter on November 4, 2011. Following initial pleadings, this court issued an order and opinion on January 8, 2013 ordering defendants to submit to DNA blood testing to determine the paternity of Justin B. Uckele, Jr. Subsequently, with permission from this court, defendants filed an amended answer and new matter on February 22, 2013. A reply and new matter was filed by plaintiff on February 28, 2013.

Plaintiff filed the instant motion for partial summary judgment on June 24, 2013. Defendants filed a response to plaintiff's motion for partial summary judgment on July 29, 2013. Oral arguments on the matter were held on November 4, 2013. After review of the parties' briefs and in consideration of representations made at oral arguments, we are ready to dispose of the motion.

## DISCUSSION

Summary judgment may be granted pursuant to Pennsylvania Rule of Civil Procedure 1035.2, where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 468-69 (Pa.

---

2. Bernard J. Uckele was found guilty of involuntary manslaughter on September 17, 2010.

1979). Summary judgment is properly entered where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. Pa. R.C.P. 1035(b); *Cosmas v. Bloomingdales Bros., Inc.*, 660 A.2d 83, 85 (Pa. Super. 1995).

Summary judgment may be granted only in cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co., Inc.*, 562 A.2d 279, 280 (Pa. 1989). The court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Davis v. Pennzoil Co.*, 264 A.2d 597 (Pa. 1970). Moreover, the burden is on the moving party to prove that no genuine issue of material fact exists. *Long v. Yingling*, 700 A.2d 508, 512 (Pa. Super. 1997). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Thompson*, 412 A.2d at 469.

In response, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. *Phaff v. Gerner*, 303 A.2d 826 (Pa. 1973). The court may also accept as true all well-pled facts contained in the non-moving party's pleadings. *Mattia v. Employment Mut. Cos.*, 440 A.2d 616 (Pa. Super. 1982); *Ritmanich v. Jonnel Enters, Inc.*, 280 A.2d 570 (Pa. Super. 1971). A general denial is unacceptable and deemed an admission where it is clear that the defendant has adequate knowledge and that the means of information are within the control of the defendant. *Elia v. Olszewski*, 84 A.2d 1889 (Pa. 1951).

In this case, plaintiff argues there are no genuine issues

of material fact with regard to defendants' liability, and requests that this court grant partial summary judgment in her favor. As stated above, plaintiff asserts that as a result of defendant Bernard J. Uckele's September 2010 criminal conviction for involuntary manslaughter, defendants are collaterally estopped from re-litigating the issue of liability. In support of this argument, plaintiff cites to three cases in which a criminal conviction was found to preclude a defendant, in a subsequent civil case, from denying the criminal acts. *In re Estate of Reinert*, 532 A.2d 832 (Pa. Super. 1987), was an Orphan's Court action filed to recover stolen money. William Bradfield had been convicted previously of the theft in question and was ordered to pay restitution to the estate. Mr. Bradfield appealed a grant of summary judgment to the Estate of Reinert for reimbursement of the stolen money through the Orphan's Court. On appeal, the Pennsylvania Superior Court concluded that "where, as here, there is a prior criminal conviction which arose from the same set of facts as the present civil action and the finding on those facts is central to the issue in the instant civil action, a summary judgment *may* be granted." *Id.* at 835 (emphasis added).

Plaintiff further cites to *Shaffer v. Smith*, 648 A.2d 26 (Pa. Super. 1994), a Pennsylvania Superior Court case, in which the defendant was convicted of aggravated assault upon the plaintiff. In a subsequent civil action, the plaintiff moved for partial summary judgment, which was granted, and the defendant appealed. Upon review by the Pennsylvania Supreme Court, the court conclusively stated that "it is well established that a criminal conviction collaterally estops a defendant from denying his acts in a subsequent civil trial." *Shaffer v. Smith*, 673 A.2d 872, 874 (Pa. 1996). Finally, plaintiff draws this court's attention to

a Federal Eastern District of Pennsylvania case, *Federal Insurance Co. v. Potamkin*, 961 F. Supp. 109, 112 (E.D. Pa. 1997), which found that "once a criminal defendant has been convicted and sentenced, a plaintiff in a civil proceeding may invoke collateral estoppel to preclude the defendant from denying his criminal acts," (quoting *Smith*, 673 A.2d at 875).

Although instructive, the case law and arguments asserted by plaintiff are not directly on-point in this matter. It appears to the court that defendants are not attempting to deny the criminal acts which defendant Bernard J. Uckele was found guilty. More precisely, as interpreted by this court, defendants assert that the issue of simple negligence, along with affirmative defenses now available to defendant Bernard J. Uckele in this civil matter have never been adjudicated, nor has any comparative negligence on the part of the decedent been determined. As represented at oral arguments, the issue, at least of comparative negligence, seems to be one of first impression in Pennsylvania — that being whether a criminal defendant in a subsequent civil case has the ability to plead affirmative defenses that were not available during the criminal prosecution.

The first issue is whether the affirmative defense of comparative negligence can be raised in wrongful death and survival actions. Defendants have asserted that Pennsylvania's comparative negligence law, codified at 42 Pa.C.S.A. § 7102 (a), applies to plaintiff's complaint count I — wrongful death, and count II — survival. In advocating this position, defendants cite to *Vieira v. Rennie*, 15 Pa. D. & C.3d 681, 683 (Pa. Com. Pl. 1979). *Vieira* is a Lackawanna County Court of Common Pleas decision in which Judge Walsh reduced a jury verdict in a survival action by fifty percent as required by the comparative

negligence law. Similar to the instant matter, *Vieira* concerned a wrongful death and survival action filed by the administrator of a minor decedent's estate. However, *Vieira* concerned a motor vehicle accident, in which the defendant was the operator of a motor vehicle that struck and killed the minor decedent, who was a pedestrian at the time. The jury in *Vieira* found the plaintiff and defendant, each fifty percent negligent for the accident. *Id.* This finding by the jury compelled Judge Walsh to reduce the plaintiff's recovery by fifty percent, as required by 42 Pa.C.S.A. § 7201(a). *Id.*

Although this case is factually distinguishable from *Vieira*, this court recognizes the ability of a defendant to assert the affirmative defense of comparative negligence in a civil case where there were no prior criminal actions regarding the same set of facts. This position regarding civil cases, where there have been no criminal proceedings, is furthered by the Pennsylvania Supreme Court in *Allison v. Snelling & Snelling, Inc.*, 229 A.2d 861 (Pa. 1967).[3] Furthermore, the Commonwealth Court of Pennsylvania has also found that Pennsylvania's comparative negligence law is an affirmative defense in wrongful death and survival actions.[4] This court must consider whether the defendants can plead a comparative negligence defense in the face of defendant Bernard J. Uckele's criminal conviction for

---

3. In *Allison*, the Pennsylvania Supreme Court held that the decedent who was employed as an elevator operator and who fell into an elevator shaft after another employee of defendant had, without authorization, taken the elevator to the fourth floor, was contributorily negligent. Thereby, the court precluded recovery by the plaintiff under wrongful death and survival statutes.

4. *See Com., Dept. of Public Welfare for Use of Molek v. Hickey.* 582 A.2d 734, 737 (Pa. Commw. Ct. 1990), finding that a child may not recover for the wrongful death of a parent where the deceased parent was responsible for one hundred percent of the causal negligence in the accident resulting in deceased parent's death.

involuntary manslaughter.

As stated above, this issue — whether a criminal defendant in a subsequent civil case has the ability to plead affirmative defenses that were not set forth during the criminal prosecution — appears to be a matter of first impression in this Commonwealth. The defendants direct this court to look at jurisdictions which have allowed comparative negligence affirmative defenses to be asserted, despite there being a criminal conviction arising from the same facts.

Defendant's brief cites to *Cloud v. Hosack*, 2006 WL 1876620 (D. Or. 2006), a United States District Court for the District of Oregon decision. The case concerned a civil action based on injuries sustained by the plaintiff from a gunshot wound inflicted by defendant during an altercation. The defendant was convicted of third-degree assault pursuant to Or.Rev.Stat. §163.165(1)(a). Further, the trial court in the defendant's criminal trial rejected defendant's claim of self-defense. In *Cloud*, Judge Aiken found that Oregon's comparative negligence law requires a trier of fact to "compare the fault of the claimant with the fault of any party against whom recovery is sought." *Id.* at 2 (quoting Or.Rev.Stat. § 31.00(2)).Therefore, the court found that the defendant properly raised concerns of plaintiff's own fault for the injury sustained that were not at issue in the criminal proceeding. Furthermore, the court held that the assertion of self-defense at the criminal proceeding is dissimilar to the claim of comparative fault. The court stated this is because "self-defense — if proven — can absolve a defendant from criminal liability, while comparative fault assigns civil liability in proportion to fault." *Id.* In conclusion, the court denied plaintiff's motion for summary judgment, allowing defendant to

assert the affirmative defense of comparative negligence.

Although not binding, this court finds the decision in *Cloud* persuasive. This court further takes note that other jurisdictions have also allowed civil defendants to assert a comparative negligence defense, when the civil case stems from the same facts as that of a criminal proceeding.[5]

---

5. *Williams v. Baugh*, 154 P.3d 373 (Ariz. Ct. App. 2007). An Arizona Court of Appeals case where by the court held that a defense of contributory negligence generally is not recognized as a defense to criminal conduct, and neither a defense of contributory negligence nor comparative fault principles deny an "an essential allegation of the criminal offense of which [the defendant] was adjudicated guilty." *Id.* at 377. Further, the court held that the state's statute prohibiting a defendant convicted in a criminal proceeding from subsequently denying, in any civil proceeding brought by the victim against the criminal defendant, the essential allegations of the criminal offense of which he was adjudicated guilty, did not bar a civil defendant from alleging contributory negligence or seeking a reduction of his percentage of comparative fault.

*Stevenson v. Wright*, 733 N.W.2d 559 (Neb. 2007). A Nebraska Supreme Court decision holding that a driver's county court conviction for a traffic infraction, under a municipal ordinance on careless, reckless, or negligent operation of a vehicle, did not collaterally estop him from denying his liability to motorist in a civil action for damage to motorist's vehicle. Further, the court held that issues presented in the civil action, such as contributory negligence, were not determined in the traffic infraction proceedings.

*Arnica Mut. Ins. Co. v. Estate of Pecci.* 953 A.2d 369 (Me. 2008). A Supreme Judicial Court of Maine case which held that the state's comparative negligence statute barred a wrongful death action brought by the estate against the surviving spouse, where the surviving spouse would be the exclusive beneficiary of the proceeds from the action, and the surviving spouse had stipulated and admitted his negligence was the sole proximate cause of the accident, and subsequently, decedent's death.

*Anderson v. Gailey*, 555 P.2d 144 (Idaho 1976). An Idaho Supreme Court case where it was held that the most reasonable way to construe the wrongful death statute with the comparative negligence statutes is to continue to read into the wrongful death statute the requirement that the plaintiff's can recover only, 'whenever the wrongful act would have entitled the person injured to maintain an action if death had not ensued.' Thus, the court held, that if the jury had found that George Gailey negligently caused Richard Anderson's death and that Richard Anderson also negligently contributed to his death, Anderson's own negligence would have barred his recovery had he lived if it was as great as or greater than that of Gailey. So also, it would bar his parents' wrongful death action if it was as great as or greater than Gailey's.

Taking into consideration the arguments set forth by defendants, together with the persuasive examples of other jurisdictions, this court believes the correct course of action in this case is to allow defendants to proceed at this time on the issue of disputed liability when considering any comparative negligence.

In this case, defendants, in their amended answer and new matter to plaintiff's complaint, have raised potential facts for the affirmative defense of comparative negligence. Defendants' new matter alleges that the gun held by defendant Bernard J. Uckele discharged without the trigger being pulled when the hammer struck the door or wall when defendant Bernard J. Uckele lost his balance after decedent kicked open a door from the garage to the kitchen. (Defs.' am. answer and new matter to pl.'s compl. ¶¶ 59-62.) Defendants' response to plaintiff's motion for partial summary judgment set forth facts in dispute. We also note discovery is not complete. This court does not believe the allegations raised by defendants are done so to collaterally attack the underlying criminal conviction of defendant Bernard J. Uckele. Rather, this court is compelled to view these allegations as an affirmative defense of comparative negligence, which defendants, as explained above, have the right to assert at this time. Taking this into consideration, this court agrees with the position of defendants that a grant of partial summary judgment is premature at this time, as the case is in the early stages of discovery and further evidence is necessary to sustain the plaintiff's cause of action and the defendants' comparative negligence affirmative defense.

Accordingly, viewing the evidence in a light most favorable to the non-moving party, this court finds there are genuine issues of material facts as presented through

the pleadings, oral arguments, exhibits and admissions of both plaintiff and defendants. As such, partial summary judgment is not appropriate at this time, and we enter the following order.

## ORDER

And now, this 9th day of December, 2013, upon consideration of plaintiff's motion for partial summary judgment, the same is denied.