532 A.2d 832

### In re ESTATE OF Susan A. REINERT, Deceased.

### Appeal of William BRADFIELD, Jr.

Superior Court of Pennsylvania.

Submitted June 8, 1987.

Filed Aug. 28, 1987.

Reargument Denied Nov. 5, 1987.

---

148

William Bradfield, Jr., in propria persona.

Michael F.X. Gillin, Media, for appellee.

Before CIRILLO, President Judge, and TAMILIA and WATKINS, JJ.

CIRILLO, President Judge:

This is an appeal from a summary judgment entered in the Court of Common Pleas of Delaware County, Orphans' Court Division, in favor of appellee, Estate of Susan A. Reinert (Estate). We affirm.

In a separate proceeding in 1981, appellant William Bradfield was convicted in the Court of Common Pleas of Delaware County of theft by deception and theft by failure to make the proper disposition of funds received. The funds received consisted of $25,000. He was sentenced and ordered to pay restitution of $25,000 to the Estate. Petitions for further review were denied by this court, the Supreme Court of Pennsylvania, and the Supreme Court of the United States. In a collateral criminal matter, appellant was convicted of the murder of Susan Reinert and her two children.

In the instant case, the Estate originally filed an action to recover assets in the orphans' court in 1980. Hearings were held on the matter. Before the decision was rendered, the Estate filed a petition to reopen the hearing citing newly discovered evidence. At the time, Bradfield was being tried on the theft charges. Proceedings in orphans' court were continued pending the result of the theft trial. Once Bradfield was convicted, the Estate filed a motion for summary judgment in the orphans' court, requesting the return of the $25,000 to the Estate. This was granted based on Bradfield's prior convictions. Bradfield appeals from the summary judgment.

We consider two issues on appeal:[1] (1) whether the orphans' court has jurisdiction to enter a general money judgment ordering appellant to return a specific sum of money which, after a prior criminal trial, was determined to have been stolen by him from the decedent; and (2) whether the orphans' court can grant a summary judgment ordering appellant to return money which, after a prior criminal trial, was determined to have been stolen by him from the decedent, although there is no evidence that the money is still in his possession.

The jurisdiction of the orphans' court is limited and is statutory in origin. *Estate of Hahn,* 471 Pa. 249, 252, 369 A.2d 1290, 1292 (1977); *Jervis Will,* 443 Pa. 226, 279 A.2d 151 (1971); *In re Estate of Soupcoff,* 329 Pa.Super. 130, 477 A.2d 1388 (1984). The orphans' court is a division of the common pleas court. The courts of common pleas are provided for in our state constitution: "There shall be one court of common pleas for each judicial district.... (b) having unlimited original jurisdiction in all cases except as may otherwise be provided by law." Pa. Const. art. 5, § 5.

42 Pa.C.S.A. § 951 discusses court divisions and allows for a separate orphans' court division for Delaware County. There is a mandatory exercise of jurisdiction given to the orphans' court in 20 Pa.C.S.A. § 711: "... the jurisdiction

---

1. In his *pro se* brief, appellant raises three issues. Since the first and third issues are basically the same, we have consolidated them.

of the court of common pleas over the following shall be exercised through its orphans' court division: ... The administration and distribution of the real and personal property of decedents' estates...." 20 Pa.C.S.A. § 711. The orphans' court division can also exercise non-mandatory jurisdiction over "... the disposition of any case where there are substantial questions concerning matters enumerated in section 711 (relating to mandatory exercise of jurisdiction through orphans' court division in general) and also matters not enumerated in that section." 20 Pa.C.S.A. § 712(3).

The official comment to Section 712(3) reveals that this section is intended to prevent multiple actions in various divisions of the court when there are several issues in a case, even if a certain issue would ordinarily be decided by a specific division. Official Comment to 20 Pa.C.S.A. § 712(3).

Once it is determined by Section 711 and 712 that the orphan's court has jurisdiction to hear a case, then it has the same authority as the whole court. 42 Pa.C.S.A. § 952. Section 952 states: "... In a court of common pleas having two or more divisions, each division of the court is vested with the full jurisdiction of the whole court." 20 Pa.C.S.A. § 701 also provides: "... [e]xcept as otherwise provided or prescribed by law, each orphans' court division shall possess the powers vested in the whole court." 20 Pa.C.S.A. § 701, noted in *Estate of Gilbert*, 342 Pa.Super. 82, 492 A.2d 401 (1985) (citing *Guerin v. Guerin*, 296 Pa.Super. 400, 400 n. 3, 442 A.2d 1112, 1113 n. 3 (1982)).

Thus, we conclude that the orphans' court clearly has the power to render the judgment entered in this case. As discussed above, the orphans' court has the same authority that is vested in the whole court, 42 Pa.C.S.A. § 952; 20 Pa.C.S.A. § 701, and is specifically granted jurisdiction over decedents' estates. 20 Pa.C.S.A. §§ 711, 712. In fact, it is mandatory for the orphans' court to decide this matter

because it concerns the administration of personal property of the Reinert Estate.[2] 20 Pa.C.S.A. § 711.

■ With respect to the second issue raised, we find that the hearing court correctly based its decision on appellant's prior criminal conviction. When reviewing a trial court's entry of a summary judgment, the appellate court may reverse the trial court only when there has been a manifest abuse of discretion or an error of law. *Peters Township School Authority v. U.S. Fidelity and Guaranty*, 78 Pa. Commw. 365, 369–70, 467 A.2d 904, 906 (1983).

■ In order to evaluate the granting of a summary judgment, the appellate court applies the same standard that is used by the trial court. The court must accept as true all of the non-moving party's well pleaded facts and the non-moving party has the benefit of all of the reasonable inferences arising from those facts. To uphold a summary judgment, there must be an entitlement to judgment as a matter of law and an absence of genuine factual issues. *Curry v. Estate of Thompson*, 332 Pa.Super. 364, 368, 481 A.2d 658, 659 (1984); *Rybas v. Wapner*, 311 Pa.Super. 50, 54, 457 A.2d 108, 109 (1983).

Our supreme court has held that in a civil suit, a prior felony conviction for extortion is conclusive evidence of the fact that the extortion occurred. *Hurtt v. Stirone*, 416 Pa. 493, 499, 206 A.2d 624, 627 (1965). In *Hurtt*, the court reasoned that the defendant had ample opportunity to defend the charges against him in the criminal case, where he was protected by a presumption of innocence. *Id.*, 416 Pa. at 498, 206 A.2d at 626. Also, the defendant would surely offer his strongest defense, understanding that his property and liberty interests were at stake. *Id.*, 416 Pa. at 499, 206 A.2d at 627. In *Hurtt*, the defendant was found guilty of extortion beyond a reasonable doubt. *Id.*, 416 Pa. at 498, 206 A.2d at 626. Therefore, the court concluded that to

---

2. Appellant claims that the judgment was improper because no evidence was offered to show that he continued to possess the money, and that appellee never traced the assets "into other assets which he possessed." Appellant offers no legal support for this claim.

hold that the prior jury's verdict had no effect would be unreasonable and would constitute an indictment of our jury system. *Id.*, 416 Pa. at 498, 206 A.2d at 626. The *Hurtt* court reasoned that the defendant should not be given a second chance with a different jury. *Id.*, 416 Pa. at 499, 206 A.2d at 627. The court also stated that the defendant gained financially from his crime, and consequently his felony conviction would bar any attempt to avoid restitution. *Id.* 416 Pa. at 498, 206 A.2d at 626.

 Where, as here, there is a prior criminal conviction which arose from the same set of facts as the present civil action and the finding on those facts is central to the issue in the instant civil action, a summary judgment may be granted. *See Agsco Equipment Corporation v. Borough of Green Tree,* 297 Pa.Super. 33, 443 A.2d 284 (1981). However, when there is an outstanding issue of material fact which can only be resolved by trial, a summary judgment will not be granted. *Kane v. Hilton,* 78 Pa.Commw. 365, 468 A.2d 1160 (1983) (extortion convictions are conclusive proof of defendant's acts for a civil proceeding seeking restitution, but whether the sums extorted resulted in Commonwealth's paying an increased cost of insurance is an outstanding issue of material fact precluding a summary judgment).

We are satisfied that our decision does not violate appellant's rights. Appellant, as in *Hurtt,* knew that his property and liberty interests were at stake when he was defending himself on the theft charges in his criminal trial. As a result of his conviction, he was ordered to return the $25,000.00 to the Estate and was sentenced to a term in jail. He had ample opportunity to be heard on this matter and cannot now relitigate it. Bradfield's felony conviction for theft is conclusive evidence upon which the orphans' court properly relied in granting the Estate's motion for summary judgment in its action to recover assets.[3] Bradfield gained

3. Appellant claims that before entering a summary judgment, the court must show that the $25,000.00 is still in his possession. He again offers no legal support for this argument.

financially from his crime and his conviction bars him from avoiding restitution to the Estate.

The burden of proof in a criminal case is a more difficult standard to meet than the burden of proof in a civil case. A criminal case requires proof "beyond a reasonable doubt," whereas the burden of proof in a civil case is "by a fair preponderance of the evidence." *Shearer v. Insurance Co. of No. America,* 156 A.2d 182, 397 Pa. 566 (1960).

Bradfield was convicted of theft beyond a reasonable doubt. Thus the proof exceeded the standard required in the present civil action. The appellant's criminal conviction for theft and the instant case obviously stem from the same set of facts. Appellant was convicted of theft and the Estate now requests the return of the stolen money, as ordered by the court in the criminal case. Appellant has already had an opportunity to put his case before a jury.

Based upon the foregoing, there is no factual issue in this case and the Estate is entitled to summary judgment as a matter of law.

Therefore, the judgment of the trial court is affirmed.
ORDER AFFIRMED.