# Penn Forest Township v. Schoch

410

*Thomas S. Nanovic,* for plaintiff.
*John DiBernardino,* for defendant.

LAVELLE, *P.J.,* November 13, 1995—This case is before the court on the motion of Penn Forest Township for partial summary judgment. Township's motion seeks a final judicial determination on the liability issue of the instant equity action. The basis for the motion is that the essential elements of its cause of action against the defendants is that they are maintaining a nuisance on their property and it posits that this issue has been previously determined in a summary conviction proceeding and they are now collaterally estopped from relitigating the issue.

We have carefully reviewed the deposition testimony of the defendants and other witnesses, counsel's pleadings, and heard arguments of counsel. They reveal the following undisputed facts.

Defendant Pauline Schoch is the owner of an unimproved lot located in Penn Forest Township. Defendant Pauline Schoch is storing on property approximately 12 abandoned cars, machinery, equipment, worn tires, and rusted materials. These items were brought on to property by defendant Milford Schoch, Pauline Schoch's son.

Penn Forest Township Ordinance no. 88-4 regulates the maintenance of property within the township. The ordinance prohibits and regulates nuisances generally and the keeping or storage of debris, garbage, junk, and refuse specifically; it provides for the abatement of prohibited conditions, and prescribes penalties for violations thereof.

In 1990, defendant Pauline Schoch was found guilty of violating the ordinance by a Carbon County district justice in a summary proceeding. The underlying basis

for her conviction was that she was maintaining a nuisance on her property in Penn Forest Township by storing the abandoned cars, worn tires, etc. Pauline Schoch appealed this conviction to the Carbon County Court of Common Pleas. Said appeal was docketed to *Commonwealth of Pennsylvania v. Pauline Schoch,* 490-CR-90. Following a hearing de novo, defendant was again found guilty of violating the ordinance and her appeal was denied. Defendant then filed post-verdict motions for a new trial and arrest of judgment which were denied. Defendant appealed this court's decision to the Commonwealth Court of Pennsylvania which affirmed the conviction. Defendant then appealed to the Pennsylvania Supreme Court which ultimately denied her appeal. Finally in January of 1993, defendant filed a petition for writ of certiorari to the Supreme Court of the United States. The Supreme Court denied defendant's petition.

Pauline Schoch has not been to the property since around sometime in 1990. Further, Milford Schoch has not visited the property nor has he done anything to alter or improve the condition of property.

In March of 1994 plaintiff brought the instant equity action against Pauline and her son, Milford Schoch, to enjoin them from storing junk or refuse on property.

## DISCUSSION

Township contends that Pauline Schoch's summary conviction was based on a final judicial adjudication that the condition of property was a nuisance and Pauline Schoch is now collaterally estopped from denying that finding. Township further contends that because both defendants admitted in their answer to township's complaint that the said summary conviction was a final judicial determination that the condition of the property

constituted a nuisance, then township is entitled to a partial summary judgment on the liability aspect of its case against both defendants.

Although not raised by the litigants, we must first address the question of whether a motion for summary judgment is the proper procedural vehicle to obtain the relief which township seeks. We hold that it is. We find support for this conclusion in both textbook law and Pennsylvania case law.

"Summary judgment may be granted in a civil action based on a prior criminal conviction arising from the same set of facts as involved in the civil action, when the finding on such facts is central to the issue in the civil action." 6 Standard Pennsylvania Practice 2d §32:7.

The Superior Court of Pennsylvania approved the use of a motion for summary judgment in a case where a party was seeking to bar relitigating the issue of who stole decedent's property in a civil suit to recover the money from the thief who was convicted of the theft. The court held that "[w]here . . . there is a prior criminal conviction which arose from the same set of facts as the present civil action and the finding on those facts is central to the issue in the instant civil action, a summary judgment may be granted." *In re Estate of Reinert,* 367 Pa. Super. 147, 153, 532 A.2d 832, 835 (1987).

We now turn to the law which circumscribes our decision on the merits of the motion. A party is entitled to summary judgment, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). "The record must be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact

must be resolved against the moving party." *Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 324, 608 A.2d 1040, 1042 (1992).

The doctrine of collateral estoppel applies if "(1) the issue decided in the prior case is identical to [the] one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment." *City of Pittsburgh v. Zoning Board of Adjustment of City of Pittsburgh,* 522 Pa. 44, 55, 559 A.2d 896, 901 (1989).

The material facts here are not in dispute. Applying the relevant law to the facts, we hold that Pauline Schoch is collaterally estopped from contesting in the instant case that she is maintaining a nuisance on the property.

The facts of the instant case satisfy all five criteria of collateral estoppel. The issue in the criminal case of whether the property's condition constituted a nuisance in fact is identical to the issue in this case. The criminal conviction was a final judgment on the merits. Pauline Schoch was the defendant in the summary conviction case and is now a defendant in the instant case. Pauline Schoch had a full and fair opportunity to litigate the question of whether she was maintaining a nuisance on her property in the prior proceeding. The determination that she was maintaining a nuisance on property in the prior proceeding was essential to the judgment.

The case of *Richland Township v. Prodex Inc.,* 160 Pa. Commw. 184, 634 A.2d 756 (1993) supports our holding. The facts are strikingly similar to the instant

case. Richland Township brought a suit in equity against Prodex Inc. to enjoin the company from producing glare, metal dust or excessively loud noise, and prohibiting the storing or manufacturing on certain other parcels, thereby creating a public nuisance. Prior to this lawsuit, a district justice found Prodex Inc. guilty of violating a Richland Township ordinance[1] and imposed a fine. Prodex Inc. appealed the decision and received a hearing de novo in the court of common pleas. The court of common pleas affirmed the district justice's decision. Prodex Inc. then appealed to the Commonwealth Court of Pennsylvania which also affirmed the trial court's decision.

Richland's complaint against Prodex Inc. alleged the same violations that formed the basis for the summary proceeding. The common pleas court issued a decree nisi enjoining Prodex Inc. from further violating the ordinance and made an essential liability finding based on the prior summary conviction. Prodex Inc. argued in its appeal that the common pleas court erroneously applied collateral estoppel. The Commonwealth Court held that the trial court correctly applied collateral estoppel with respect to its use of Prodex's summary conviction in finding violations of the zoning ordinance.

Defendants argue that collateral estoppel should not apply here because the affirmative defenses of laches

---

1. The ordinance provided: "Any person, partnership or corporation who or which shall violate the provisions of any zoning ordinance enacted under this act or prior enabling laws shall, upon conviction thereof in a summary proceeding, be sentenced to pay a fine of not more than $500. In default of payment of the fine, such person, the members of such partnership, or the officers of such corporation shall be liable to imprisonment for not more than 60 days. Each day that a violation is continued shall constitute a separate offense." *Richland Township, supra* at 190 n.2, 634 A.2d at 759 n.2.

and the statute of limitations were not available to Pauline Schoch in the summary proceeding and therefore she did not have full and fair opportunity to litigate the finding of nuisance. The major premise of this argument is flawed. The fact that laches and the statute of limitations were not available to Pauline Schoch in the summary conviction proceedings is totally irrelevant to the nuisance finding in the summary conviction and a full and fair opportunity to litigate. Collateral estoppel is sought here to bar relitigation of the issue of nuisance and nothing else. We reject defendants' argument.

Defendants next contend that collateral estoppel does not apply because the relief sought in this case is in the nature of equitable relief and the relief sought in the criminal proceeding was an adjudication of guilt and a fine. This is also non sequitur reasoning. The application of collateral estoppel does not rely on the similarity of the relief sought in the two cases. The main purpose of collateral estoppel is to preclude the relitigation of the same issues; the relief sought is irrelevant.

Defendants further argue that there is a question of a material fact in that the current condition of property is different than when the criminal case was adjudicated. This contention is contradicted by defendants' depositions. Both defendants testified that neither one of them had been to the property for approximately four years; Milford Schoch testified that he had not removed any items from the property. It can be reasonably inferred from such evidence that the condition of property has not changed since the summary conviction.

Defendants' final argument that collateral estoppel does not apply because Milford Schoch was not a party to the criminal case has merit. Because Milford was

not a defendant in the prior criminal proceeding and therefore did not have an opportunity to litigate the conviction, collateral estoppel does not apply to him.

For the foregoing reasons we enter the following

## ORDER

And now November 13, 1995, upon consideration of plaintiff, Penn Forest Township's motion for partial summary judgment, it is hereby ordered and decreed that plaintiff's motion for partial summary judgment is hereby partially denied and partially granted.

Plaintiff's motion for partial summary judgment is granted with respect to defendant Pauline Schoch. Plaintiff's motion for partial summary judgment is denied with respect to defendant Milford Schoch.