J-A29007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LORRAINE DILLE WILLIAMS AND ROBERT NICHOLS FLINT DILLE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| LOUISE A. GEER, DANIEL HERMAN, EILEEN SABRINA HERMAN, GEER & HERMAN, P.C., AND HERMAN AND GEER COMMUNICATIONS, INC., D/B/A HERMES PRESS | : | No. 128 WDA 2023 |

Appeal from the Order Entered December 30, 2022
In the Court of Common Pleas of Lawrence County Civil Division at
No(s): 10889-21

BEFORE: BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY BOWES, J.:            **FILED: MARCH 18, 2024**

Lorraine Dille Williams and Robert Nichols Flint Dille ("Beneficiaries") appeal from the order that dismissed their civil complaint with prejudice on the basis that the orphans' court had exclusive jurisdiction over their claims. While we agree with the trial court that orphans' court is the proper venue for this litigation, dismissal with prejudice was not the proper response to the civil division filing. Therefore, we vacate the order and remand with instructions for the trial court to transfer the action to the orphans' court division pursuant to 42 Pa.C.S. § 5103(c).

The parties to this appeal have been involved in protracted litigation concerning the administration of the Dille Family Trust ("DFT") by trustee Louise A. Geer. We offer the following summary for purposes of the instant

appeal. The DFT was settled by Beneficiaries' parents in California in 1979. Robert C. Dille, Beneficiaries' father, subsequently assigned to it his interest in the intellectual property rights of the Buck Rogers comic strip.[1] The situs of the trust was later moved to Illinois. In 2011, after the settlors' deaths, and after all successor trustees designated by the DFT either resigned or declined the position, Ms. Geer accepted Beneficiaries' request to become successor trustee. In that capacity, she opened a trust account in Pennsylvania and administered the DFT from her offices at Geer & Herman, P.C., in Lawrence County, Pennsylvania.

As the DFT trustee, Ms. Geer litigated claims against the Nowlan Family Trust ("NFT") for the United States intellectual property rights to Buck Rogers.[2] As the litigation costs exceeded the DFT's income, Ms. Geer, without consulting with Beneficiaries, elected to file for bankruptcy on behalf of the DFT. As this Court explained:

> During the bankruptcy action, Ms. Geer and her husband, Daniel Herman, acting as individuals, together with the NFT

---

[1] For a colorful description of the "multi-year, multi-lawsuit, multi-party war being fought over the rights to the fictional world of comic character Buck Rogers," see **Dille v. Geer**, CV 20-924, 2020 WL 7624835 (E.D. Pa. Dec. 22, 2020) (dismissing Beneficiaries' tort claims against, *inter alia*, Daniel Herman and Geer & Herman, P.C., but permitting counts of breach of fiduciary duty, constructive fraud/fraudulent concealment, and negligence to proceed against Ms. Geer).

[2] The DFT's U.S. trademarks for Buck Rogers had expired at the time Ms. Geer began administering the trust, but it still had trademark rights in some other jurisdictions. **See In re Dille Family Trust**, 305 A.3d 998, 2023 WL 6121850, at *3 (Pa.Super. 2023) (non-precedential decision).

submitted a joint offer to the Bankruptcy Court to purchase all of the DFT assets, including any trademark and intellectual rights that the DFT might own with regard to Buck Rogers. Their offer was rejected. On February 20, 2019, the bankruptcy action was dismissed on the grounds that the DFT was not a business trust and therefore was not eligible for Chapter 11 relief.

Shortly after the bankruptcy dismissal, the DFT and the NFT resolved their dispute. On February 28, 2019, Ms. Geer, acting as Trustee of the DFT, signed a settlement agreement with the NFT. Pursuant to the terms of the settlement agreement, Ms. Geer entered into an asset purchase agreement, conveying any and all trademark and intellectual property rights owned by the DFT to [a company controlled by the NFT] for $300,000.00. As a result of this transaction, the federal action between the NFT and the DFT was voluntarily dismissed.

*In re Dille Family Trust*, 305 A.3d 977, 2023 WL 5843798 at \*1-2 (Pa.Super. 2023) (non-precedential decision).

In April 2019, Beneficiaries filed an action in California seeking confirmation that Ms. Geer never properly became the DFT trustee and lacked the authority to act on behalf of the trust, as well as compelling her to turn over all trust property and records. Approximately two weeks later, Ms. Geer filed a petition in the orphans' court division of the court of common pleas of Lawrence County, seeking approval of her proposed distribution of the trust's assets. Beneficiaries opposed the petition on the bases raised in their California action. The California court dismissed that action for lack of jurisdiction over the DFT or Ms. Geer.

Thereafter, the Lawrence County orphans' court entered a December 6, 2019 order providing that, "until further order of court, there is to be no disbursement, distribution, or encumbrance of any asset of the DFT." *Id*. at

*2. The orphans' court entered a subsequent order in October 2020 providing that it had "exclusive jurisdiction to decide whether or not Ms. Geer was appointed [t]rustee of the DFT and whether or not Ms. Geer continues to be the lawful [t]rustee of the DFT. All parties will be bound by this court's decision." *Id*. at *3.

Nonetheless, Beneficiaries filed another petition in California, without divulging the pendency of the Lawrence County proceedings, and without providing notice to Ms. Geer or the NFT. This time, Beneficiaries asked the California court to allow the waiver of an accounting of the DFT's administration, to declare that all trust assets were distributed to Beneficiaries retroactive to February 2019, before Ms. Geer's settlement agreement with the NFT, and to approve termination of the DFT. The California court ultimately dismissed the petition with prejudice.

In the Pennsylvania orphans' court matter, Ms. Geer requested that the court find Beneficiaries in contempt of its December 2019 and October 2020 orders. The orphans' court held an evidentiary hearing, found that Beneficiaries intentionally violated the orders, and sanctioned them by, *inter alia*, requiring their payment of the reasonable attorney fees incurred by Ms. Geer and the DFT. This Court affirmed that order on September 11, 2023. *See id*. at *17.

While that collateral matter was on appeal, litigation continued in the orphans' court. Following hearings in April 2021, and findings that were reconsidered and amended, the orphans' court on January 11, 2022, held that,

pursuant to 20 Pa.C.S. §§ 711(3) and (12), it had "exclusive jurisdiction over questions relating to Ms. Geer's administration of the DFT, Ms. Geer's distribution of the DFT assets, over the question of Ms. Geer's status, and all accountings and issues relating to surcharges."[3] ***In re Dille Family Trust***, 305 A.3d 998, 2023 WL 6121850 (Pa.Super. 2023) (non-precedential decision) (cleaned up). Further, the orphans' court declared that Ms. Geer lawfully became the trustee of the DFT on June 6, 2011. ***Id***. at \*7. The court then scheduled further hearings to resolve the remaining issues, such as Beneficiaries' claims that Ms. Geer should be surcharged. This Court affirmed those rulings on September 19, 2023. ***Id***. at \*12, 19.

Between the time that the orphans' court issued its initial findings concerning Ms. Geer's status and the filing of its amended ruling, Beneficiaries filed a complaint in civil action in the civil division of the Lawrence County Court of Common Pleas seeking compensatory and punitive damages from Ms. Geer, Mr. Herman, and their law firm, as well as against their daughter, Eileen Sabrina Herman, and her printing company, Herman and Geer

_____

[3] As this Court noted, the orphans' court referenced 20 Pa.C.S. § 711(2), which pertains to testamentary trusts, but subsection (3) of that statute, which references *inter vivos* trusts, is implicated here because the DFT took effect during the settlors' lifetimes. ***See In re Dille Family Trust***, 305 A.3d 998, 2023 WL 6121850, at \*5 n.7 (Pa.Super. 2023) (non-precedential decision). In either case, the exclusivity of the jurisdiction of the orphans' court is the same.

Communications, Inc., d/b/a Hermes Press ("Hermes Press").[4]   Therein, Beneficiaries alleged that Hermes Press reprinted Buck Rogers comics starting in 2011, resulting in royalty payments that should have been paid to Beneficiaries by virtue of their status as beneficiaries of the DFT.  They claimed that they never received any of these royalties because Ms. Geer "caused . . . said profits to be deposited into an account held by the DFT and subsequently divert[ed] the profits to an account held in the name of Geer & Herman, P.C." Complaint, 11/12/21, at ¶ 24.

The complaint also alleged that Beneficiary Williams loaned money to the DFT through Ms. Geer to fund the trust's trademark litigation, and Ms. Geer "caused to be drafted" twelve notes totaling $230,000 to secure the loans, which she then confessed judgment upon using an unwitting attorney to carry out a fraudulent scheme.[5]  *Id*. at ¶¶ 25-35.  Additionally, Beneficiary Williams asserted that she paid more than $360,000 to Ms. Geer and Geer & Herman, P.C., "for what Defendant Geer alleged were costs of litigation related to the DFT[.]"  *Id*. at ¶ 36.

---

[4] According to the complaint, Ms. Geer testified in connection with some piece of the litigation among the parties that she and Mr. Herman jointly owned Hermes Press from its inception in 2000 until 2019, at which time Ms. Geer transferred her interest to Ms. Herman for $1.  *See* Complaint, 11/12/21, at ¶¶ 14-18.  The portions of the transcripts referenced in the complaint and purported to be attached thereto either contain insufficient information to discern their context or were omitted from the filing.

[5] According to the trial court, litigation concerning the confessed judgments was pending in Allegheny County, Pennsylvania at the time of the instant proceedings.  *See* Trial Court Opinion, 12/30/22, at 13.

Finally, the complaint averred misdeeds in connection with the DFT's bankruptcy litigation and settlement with the NFT. In particular, Beneficiaries cited missteps noted by the bankruptcy court regarding filings and information supplied by the DFT under Ms. Geer's stewardship and alleged that Ms. Geer initiated the proceedings to facilitate her acquisition of the DFT's intellectual property licenses. For his part, Beneficiary Dille contended that he was not notified, let alone in agreement with, the filing of the bankruptcy action on behalf of the DFT. *Id*. at ¶¶ 38-61.

Upon these factual allegations, Beneficiary Williams stated claims of fraud against Ms. Geer, Mr. Herman, and their law firm for allegedly inducing her to give money to the attorneys to fund other litigation and confessing judgment against the DFT upon a forged signature. She also averred that all the defendants engaged in a civil conspiracy to commit fraud. Additionally, Beneficiaries stated counts of conversion and civil conspiracy against all the defendants, contending that they kept royalties belonging to Beneficiaries that Hermes Press realized from the sale of Buck Rogers comics.

While Hermes Press filed an answer and new matter, all other defendants filed preliminary objections. Pertinent to this appeal, Ms. Geer, Mr. Herman, and Geer & Herman, P.C., objected on the basis that the claims raised in Beneficiaries' complaint, which were in the nature of requests for an accounting, directly related to the administration of the DFT, and therefore were within the mandatory and exclusive jurisdiction of the orphans' court pursuant to 20 Pa.C.S. § 711(12). *See* Preliminary Objections, 1/21/22, at

- 7 -

¶¶ 18-27 (Mr. Herman and Geer & Herman, P.C.); Preliminary Objections, 2/10/22, at ¶¶ 18-27 (Ms. Geer).

As for the remaining defendants, Hermes Press asserted in its new matter that it reached an initial five-year agreement with the DFT in 2008 to publish and sell books of Buck Rogers reprints, and that the contract provided for an initial lump sum of $5,000 followed by payments of ten percent of gross sales to the DFT. A new five-year agreement was executed in 2012, providing for another $5,000 initial lump sum and eight percent of sales. Both agreements provided for payments to the DFT, not to Beneficiaries, which Hermes Press asserted that it did. Hermes Press thus maintained, *inter alia*, that Beneficiaries lacked standing or authority to sue it to enforce the DFT's rights. ***See*** Answer and New Matter, 1/21/22, at ¶¶ 130-57. For her part, Ms. Herman first objected to improper service, but her counsel, who was also counsel for Hermes Press, subsequently accepted service on her behalf and filed a responsive pleading asserting the same new matters as Hermes Press. ***See*** Answer and New Matter, 3/17/22, at ¶¶ 130-59.

After Beneficiaries answered the new matters of Hermes Press and Ms. Herman ("the Hermes defendants"), the Hermes defendants moved for judgment on the pleadings arguing that: (1) because the fraud claims were not alleged against them, but only against Ms. Geer, Mr. Herman, and Geer & Herman, P.C., the Hermes defendants could not be liable for conspiracy to commit fraud; (2) the complaint failed to state a claim of conversion against the Hermes defendants because Beneficiaries were not entitled to any direct

payment from them and did not allege that the Hermes defendants failed to pay the DFT in accordance with the licensing agreements; (3) Beneficiaries lacked standing to enforce the DFT's claims against the Hermes Defendants; and (4) the claim for punitive damages failed as a matter of law. *See* Motion for Judgment on the Pleadings, 4/18/22, at 6-11.

The trial court heard oral argument on the preliminary objections and motion for judgment on the pleadings after it provided the opportunities for Beneficiaries to respond and for all parties to submit briefs. Thereafter, the court sustained the objections to subject matter jurisdiction, concluding "that sole and complete jurisdiction for the litigation of the matters set forth in [Beneficiaries' c]omplaint shall be resolved in the Orphan's Court litigation set forth at No. 43 of 2019, O.C." Order, 12/30/22, at ¶ 1. Accordingly, the trial court declined Beneficiaries' request to amend the complaint and dismissed it with prejudice without examining the remaining preliminary objections. *Id*. at ¶¶ 1-2. The court addressed the Hermes defendants' motion as follows:

> As to [the Hermes defendants'] motion for judgment on the pleadings, based upon the court's determination that exclusive jurisdiction for resolution of the claims set forth by [Beneficiaries], all of which pertain to and relate back to the administration of the [DFT] by [Ms. Geer], the court will grant the [motion] in its entirety, and the claims set forth in [the] complaint versus [the Hermes defendants] are hereby dismissed, with prejudice.

*Id*. at ¶ 3 (cleaned up).

Beneficiaries filed a timely notice of appeal. The trial court directed them to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal,

and they complied. Beneficiaries present the following questions for this Court's determination:

1. Whether the orphans' court possesses statutory, exclusive/mandatory jurisdiction over the instant matter?

2. Whether the orphans' court has exclusive jurisdiction over the instant matter pursuant to order of court?

3. Whether the instant action should be dismissed upon a finding that the civil division of the Lawrence County Court of Common Pleas lacked subject matter jurisdiction over the instant matter and that sole and complete jurisdiction lies with the Lawrence County orphans' court?

Beneficiaries' brief at 5-6 (unnecessary capitalization omitted).

We begin with the governing legal principles:

Our standard of review of an order of the trial court overruling or sustaining preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

***R.A. Greig Equip. Co. v. Mark Erie Hosp., LLC***, 305 A.3d 56, 59 (Pa.Super. 2023) (cleaned up). Here, the trial court sustained preliminary objections based on a lack of subject matter jurisdiction. In this vein, we observe:

Jurisdiction over the subject matter is conferred solely by the Constitution and laws of the Commonwealth. The test for whether a court has subject matter jurisdiction inquires into the competency of the court to determine controversies of the general class to which the case presented for consideration belongs. Thus, as a pure question of law, the standard of review in determining whether a court has subject matter jurisdiction is *de novo* and the scope of review is plenary.

***Mazur v. Trinity Area Sch. Dist.***, 961 A.2d 96, 101 (Pa. 2008) (cleaned up).

Our General Assembly has provided that, "[e]xcept where exclusive original jurisdiction of an action or proceeding is by statute or by general rule . . . vested in another court of this Commonwealth, the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings[.]" 42 Pa.C.S. § 931(a). Further, pursuant to 42 Pa.C.S. § 952:

> The divisions of a court of common pleas are administrative units composed of those judges of the court responsible for the transaction of specified classes of the business of the court. In a court of common pleas having two or more divisions each division of the court is vested with the full jurisdiction of the whole court, but the business of the court may be allocated among the divisions of the court by or pursuant to general rules.

*Id*. Our High Court has observed that "it is now recognized that the divisions of the common pleas courts are established essentially for purposes of administrative convenience, and that each division is vested with the full jurisdiction of the whole court." *In re Estate of Hall*, 535 A.2d 47, 59 (Pa. 1987).

Concerning the jurisdiction of an orphans' court division, § 711 of the Pennsylvania Probate, Estates, and Fiduciaries Code ("PEF Code") states that, with exceptions not pertinent here:

> [T]he jurisdiction of the court of common pleas over the following shall be exercised through its orphans' court division:
>
> > **(3) *Inter vivos* trusts.--**The administration and distribution of the real and personal property of *inter vivos* trusts, and the reformation or setting aside of any such trusts, whether created before or after the effective date of this chapter, except any *inter vivos* trust jurisdiction of which was acquired by the court of common pleas prior to January 1, 1969 unless the president judge of such court

- 11 -

orders the jurisdiction of the trust to be exercised through the orphans' court division.

. . . .

**(12) Fiduciaries.**--The appointment, control, settlement of the accounts of, removal and discharge of, and allowance to and allocation of compensation among, all fiduciaries of estates and trusts, jurisdiction of which is exercised through the orphans' court division, except that the register shall continue to grant letters testamentary and of administration to personal representatives as heretofore.

20 Pa.C.S. § 711. A trustee is a fiduciary. *See* 20 Pa.C.S. § 102.

Additionally, § 712 of the PEF Code explains that the concurrent jurisdiction of the court of common pleas may be, but is not required to be, exercised through its orphans' court division under certain circumstances. Specifically, § 712 states in relevant part as follows:

**§ 712. Nonmandatory exercise of jurisdiction through orphans' court division**

The jurisdiction of the court of common pleas over the following may be exercised through either its orphans' court division or other appropriate division:

. . . .

**(3) Other matters**.--The disposition of any case where there are substantial questions concerning matters enumerated in section 711 and also matters not enumerated in that section.

20 Pa.C.S. § 712.

Our High Court has explained that "§ 712 confers upon the orphans' court division broad residual and discretionary jurisdiction over all matters that are subject to resolution by courts of common pleas generally." ***In re***

- 12 -

**Estate of Hall**, 535 A.2d at 59 (cleaned up). Hence, § 712(3) provides that the orphans' court division may exercise jurisdiction when a controversy implicates items enumerated in § 711, such as those involving the administration of a trust, yet also involves claims that are not enumerated in that section, such as an ejectment action. *See Estate of Hull v. Showman*, 303 A.3d 738, 2023 WL 4363981 (Pa.Super. 2023) (non-precedential decision).

With these precepts in mind, we consider Beneficiaries' arguments. At the outset, they assert that the orphans' court does not have mandatory jurisdiction over the instant action because the complaint does not "seek to administer or distribute the real or personal property of the DFT" or "seek to appoint, control, settle the account of, remove, discharge, or allow the allocation of compensation to a fiduciary[.]" Beneficiaries' brief at 21. They further contend that, since they are not pursuing compensation for losses they sustained from Ms. Geer's lack of due care, they are not seeking surcharges as contemplated by the orphans' court's January 2022 order that invoked that court's "exclusive jurisdiction over questions relating to Ms. Geer's administration of the DFT, Ms. Geer's distribution of the DFT assets, . . . and all accountings and issues relating to surcharges." *Id*. at 22. Rather, Beneficiaries maintain that they are pursuing damages for the intentional torts of fraud and conversion against Ms. Geer, plus defendants who are not parties to the orphans' court action. *Id*. at 23. Finally, they argue that if their action

was filed in the wrong division, the case should have been transferred rather than dismissed. *Id*. at 29-30.

From our recitation of the history of these parties' interactions, and in particular the allegations of Beneficiaries' complaint, it is plain that their claims against Ms. Geer concern her administration of the DFT as its fiduciary. Consequently, those claims are within the exclusive jurisdiction of the orphans' court pursuant to § 711(3) and (12) of the PEF Code.[6]  As the trial court aptly stated:

> having a different source of their request for relief in this suit compared to the other simply does not remove this case from its companion at No. 43 of 2019, O.C., where the sum and substance of the entirety of the allegations relate back to and have as their fundamental basis allegations of misconduct by [Ms.] Geer, as trustee of the [DFT], and that [Beneficiaries], as beneficiaries of the [DFT] object to and seek financial damages as a result of [Ms.] Geer's alleged misconduct, mismanagement, and improper distribution of assets of the [DFT] during the term of the trusteeship.

Trial Court Opinion, 4/20/23, at 7 (cleaned up).

Furthermore, litigating against Ms. Geer in orphans' court rather than the civil division does not limit Beneficiaries' claims to ones alleging negligence

---

[6] *Cf. Baskin & Sears v. Edward J. Boyle Co.*, 483 A.2d 1365 (Pa. 1984) (holding trial court erred in transferring case to orphans' court where the claims of malpractice in estate planning were "only collaterally related to the administration and distribution of the decedent's estate"); *Mark Hershey Farms, Inc. v. Robinson*, 171 A.3d 810, 815–16 (Pa.Super 2017) (holding that the trial court properly exercised jurisdiction over a breach of contract action brought against an estate because the complaint did not raise any issues challenging the administration of the estate).

and seeking a surcharge. "Once it is determined by [§] 711 and [§] 712 that the orphan's court has jurisdiction to hear a case, then it has the same authority as the whole court." *In re Estate of Reinert*, 532 A.2d 832, 834 (Pa.Super. 1987). Hence, the orphans' court in these scenarios may order the same relief as the civil division.[7] *See*, *e.g.*, *id*. (holding that the orphans' court had jurisdiction to enter a general money judgment for the return of a specific sum of money that he stole from the decedent); *Estate of Gilbert*, 492 A.2d 401, 403–04 (Pa.Super. 1985) (ruling that orphans' court had jurisdiction to inquire into the decedent's *inter vivos* sale of property to his daughter while adjudicating the ownership of property still in the decedent's name when he died); *Estate of Hull*, 2023 WL 4363981, at *7 (concluding that, because the orphans' court had mandatory jurisdiction over the counterclaims raised in an ejectment action, it was permitted to exercise nonmandatory jurisdiction over the ejectment claim as well pursuant to § 712(3)).

---

[7] We additionally note that Beneficiaries' claims appear to, in large part, fall within these provisions of the PEF Code. By statute, "[a] trustee who commits a breach of trust is liable to the beneficiaries affected." 20 Pa.C.S. § 7782(a). A breach of trust is "[a] violation by a trustee of a duty the trustee owes to a beneficiary[.]" 20 Pa.C.S. § 7781(a). Duties of a trustee include a duty of loyalty to administer the trust in good faith and solely for the benefit of the beneficiaries. *See* 20 Pa.C.S. §§ 7771-7772. Remedies for a breach of trust include "tracing trust property wrongfully disposed of and recovering the property or its proceeds." 20 Pa.C.S. § 7781(b)(9)(iii).

Nor does the presence of parties other than the fiduciary and trust beneficiaries preclude litigation of all claims in the orphans' court. ***See***, ***e.g.***, ***In re Estate of Hall***, 535 A.2d at 59 (holding that, because "§ 712 confers upon the [o]rphans' [c]ourt [d]ivision broad residual and discretionary jurisdiction over all matters that are subject to resolution by courts of common pleas generally," the orphans' court was permitted to continue to adjudicate the case even after the claims against the estate were relinquished).

Accordingly, Beneficiaries' arguments that the orphans' court lacked mandatory exclusive jurisdiction over at least some of their claims is meritless, as are their contentions that the relief sought is unavailable in that court. However, we agree with Beneficiaries that the trial court erred in dismissing their complaint with prejudice rather than transferring it to the orphans' court.

Our legislature has provided as follows concerning the filing of an action in the wrong court or division thereof:

> **(c) Interdivisional transfers.**--If an appeal or other matter is taken to, brought in, or transferred to a division of a court to which such matter is not allocated by law, the court shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper division of the court, where the appeal or other matter shall be treated as if originally filed in the transferee division on the date first filed in a court or magisterial district.

42 Pa.C.S. § 5103. We have observed that this language "is absolute[,] admitting to no exceptions. . . . Accordingly, lack of jurisdiction is not grounds for refusing to transfer. Further, the language states that a matter brought before the incorrect division may not be dismissed." ***In re Estate of***

- 16 -

*Ciuccarelli*, 81 A.3d 953, 960 (Pa.Super. 2013) (cleaned up).  This provision "applies equally to dismissal entered with and without prejudice."  *Id*.

Therefore, § 5103(c) statutorily obligated the trial court to transfer the instant civil matter to the orphans' court, where it would be treated as if it was originally filed there.  As such, the trial court erred by instead dismissing the complaint with prejudice for lack of subject matter jurisdiction.[8]  *See In re Estate of Ciuccarelli*, 81 A.3d  at 961 (holding that pursuant to § 5103(c), the trial court erred in dismissing the appellant's claims without prejudice due to lack of subject matter jurisdiction instead of transferring them); *Estate of Hull*, 2023 WL 4363981, at *7 (same).

Nonetheless, the Hermes defendants suggest that we should affirm the trial court's order to the extent that it granted their motion for judgment on the pleadings.  They argue that the counts against them must fail, citing the absence of allegations of conversion or fraud by them, the lack of standing on the part of Beneficiaries to enforce the DFT's license agreements, and the legal

---

[8] Appellees all suggest that Beneficiaries waived the right to seek transfer by failing to request it from the trial court or including it in their Pa.R.A.P. 1925(b) statement.  We disagree.  First, as noted above, § 5103(3) "is absolute and admits no exceptions.  *See also In re Caples*, 262 A.3d 495, 2021 WL 3615541, at *6 (Pa.Super. 2021) (non-precedential decision) ("[T]he rule to transfer a case filed in an incorrect division of our court system is a mandate that the court must apply uniformly, not a remedy a party must prove is warranted.").  Second, because the trial court's order directing Beneficiaries to file a Rule 1925(b) statement did not comply with Rule 1925(b)(3)(iii), waiver pursuant to this rule does not attach.  *See*, *e.g.*, *Rahn v. Consol. Rail Corp.*, 254 A.3d 738, 747 (Pa.Super. 2021).

insufficiency of the request for punitive damages. **See** Hermes defendants' brief at 23-34.

It appears from the trial court's opinion that it found the claims against the Hermes defendants deficient due to the lack of detailed factual allegations, not because Beneficiaries were incapable of amending their pleading to state valid claims. **See** Trial Court Opinion, 12/30/22, at 17-18. Further, the trial court declined Beneficiaries' request to amend based upon its conclusion that the orphans' court had exclusive jurisdiction over all the claims raised in the complaint, insofar as they related back to Ms. Geer's administration of the DFT. **See** Order, 12/30/22, at ¶¶ 1-3.

With the trial court's grant of judgment based on a pleading deficiency and its denial of amendment premised upon a lack of jurisdiction, we deem it inappropriate to consider affirming the grant of the Hermes defendants' motion for judgment on the pleadings at this juncture. **See**, **e.g.**, **Thom v. CDM Auto Sales**, 221 A.3d 681, 684 (Pa.Super. 2019) ("It is beyond peradventure that leave to amend pleadings has traditionally been liberally granted in this jurisdiction." (cleaned up)). Instead, after the record of this case is transferred to the orphans' court, the parties are free to litigate their respective motions in that court.

For the above reasons, we vacate the trial court's December 30, 2022 order dismissing Beneficiaries' complaint with prejudice. We remand for the

trial court to instead transfer the record of this case to the orphans' court division in accordance with § 5103(c).

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

FILED: 3/18/2024